IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARREN LAVON SMILEY, # 186951, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 2:20-cv-175-WKW-CSC |
| | ) | (WO) |
| GWENDOLYN GIVENS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the Court on Alabama prisoner Darren Lavon Smiley's petition for writ of habeas corpus under 28 U.S.C. § 2254, by which Smiley challenges his 2007 Crenshaw County convictions for robbery in the first degree and sodomy in the first degree. Doc. 1.[1] Respondents argue that Smiley's petition is time-barred under the AEDPA's one-year statute of limitations. The Court agrees and, as explained below, recommends that Smiley's petition be denied without an evidentiary hearing and that this case be dismissed with prejudice.

## I.  BACKGROUND

### A.    State Court Proceedings

On October 17, 2007, a Crenshaw County jury found Smiley guilty of robbery in the first degree, in violation of ALA. CODE § 13A-8-41, and sodomy in the first degree,

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the Court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

in violation of ALA. CODE § 13A-6-63. Doc. 8-2 at 132–33. On November 26, 2007, the trial court sentenced Smiley as a habitual felony offender to life imprisonment without the possibility of parole for his robbery conviction and to life imprisonment for his sodomy conviction, the sentences to be served concurrently. *Id*. at 151–56

Smiley appealed to the Alabama Court of Criminal Appeals, where his appellate counsel filed a no-merit, "*Anders* brief"[2] stating he could find no meritorious issues for review. Doc. 8-3. Smiley was afforded an opportunity to submit pro se issues for appellate review (Doc. 8-4), but he submitted no issues. On August 15, 2008, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed Smiley's convictions and sentence. Doc. 8-5. Smiley did not apply for rehearing, and he did not seek certiorari review in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment on September 3, 2008. Doc. 8-6. Smiley filed no state petitions seeking collateral review of his convictions and sentence.

**B.    Smiley's § 2254 Petition**

On March 8, 2020, Smiley filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2254.[3] Doc. 1. Smiley's sole claim in his petition is that he "didn't have a

---

[2] *Anders v. California*, 386 U.S. 738, 744 (1967).

[3] For the filing date of Smiley's federal petition, this Court follows the inmate "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). Under the mailbox rule, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *See Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 93 F.2d 776, 780 (11th Cir. 1993). In this circuit, absent evidence to the contrary, courts will assume that a prisoner delivered a filing to prison officials on the date he represents that he signed it. *See United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012).

counsel of criminal law for his defense" and that this "was the cause of the Petitioner's convictions, sentences, and his imprisonment."[4] Doc. 1 at 6. Respondents argue that Smiley's § 2254 petition is time-barred under the AEDPA's one-year statute of limitations. Doc. 8 at 4–6.

## II.  ANALYSIS

### A.    The AEDPA's Statute of Limitations

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[4] Smiley's claim is unclear. The record shows he was represented by two lawyers at his 2007 trial and that a third lawyer represent him on appeal. Smiley sets forth no specific instances of allegedly deficient performance by his counsel.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As a general rule, a petition for writ of habeas corpus under 28 U.S.C. § 2254 must be filed within one year of the date on which the petitioner's judgment of conviction becomes final, either by the conclusion of direct review or by the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A). Here, on direct review, after the Alabama Court of Criminal Appeals affirmed Smiley's convictions and sentence, Smiley did not apply for rehearing and did not seek certiorari review in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment on September 3, 2008 (Doc. 8-6), which concluded direct review in Smiley's case, finalized the state court judgment, and started the running of the AEDPA's one-year limitation period in § 2244(d)(1)(A). *See Brown v. Hooks*, 176 F. App'x 949, 951 (11th Cir. 2006); *Rickman v. Butler*, 2014 WL 3729577, at *6 (N.D. Ala. July 21, 2014). Absent some tolling event, whether statutory or equitable, Smiley had one year, or until September 3, 2009, to file a § 2254 petition.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Smiley filed no state petitions seeking collateral review of his convictions

and sentence. Therefore, he cannot benefit from statutory tolling under § 2244(d)(2). The alternative triggering provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) provide no safe harbor for Smiley such that the AEDPA's statute of limitations commenced on some date later than September 3, 2008 or expired on some date later than September 3, 2009. There is no evidence that an unlawful state action impeded Smiley from filing a timely § 2254 petition, *see* § 2244(d)(1)(B); Smiley presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" *see* § 2244(d)(1)(C); and Smiley submits no ground for relief with a factual predicate not discoverable earlier through exercising due diligence, *see* § 2244(d)(1)(D).

Here, the AEDPA's statute of limitations under § 2244(d)(1)(A) began to run on September 3, 2008, and ran for the next year without a tolling event before expiring on September 3, 2009. Smiley filed his § 2254 petition on March 8, 2020. Therefore, his petition was not timely filed under the habeas statute.

Smiley appears to argue that his § 2254 petition isn't subject to the AEPDA's statute of limitations because, he says, the state trial court lacked jurisdiction to render judgment and impose sentence in his case. Doc. 11 at 1–3. If this Court were an Alabama state court, and if Smiley's claim indeed impugned the trial court's jurisdiction, his argument might have some force. *See, e.g., McNeal v. State*, 43 So. 3d 628, 629 (Ala. Crim. App. 2008) (challenge to allegedly illegal sentence raised in a state Rule 32 proceeding was not barred by the statute of limitations in Ala. R. Crim. P. 32.2(c), because if a sentence is illegal it exceeds the jurisdiction of the trial court). However, there is no exception to the AEDPA's

limitation period in § 2244(d) for claims alleging lack of jurisdiction by the state trial court. *See, e.g., Pope v. Butler*, 2012 WL 4479263, at *1 (N.D. Ala. Sept. 24, 2012) ("While Pope argues that his claim challenging the validity of his conviction and sentence presents a 'jurisdictional' claim that is not governed by the one-year limitations period of § 2244(d)(1), 'neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law.'"); *Owens v. Mitchem*, 2012 WL 4009335, *3 n.3 (N.D. Ala. July 10, 2012) ("There is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction."); *Casey v. Forniss*, 2017 WL 6887095, at *4 (M.D. Ala. Dec. 14, 2017) (same). Smiley's federal petition is not exempt from application of the AEDPA's statute of limitations.

## B.   Equitable Tolling

The AEDPA's limitation period may be equitably tolled on grounds besides those in the habeas statute if a petitioner untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The U.S. Supreme Court has held that a habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587

F.3d at 1308. Smiley makes no argument that he is entitled to equitable tolling, and the Court knows of no reason that would support tolling of the limitation period in his case. Smiley's § 2254 petition is therefore time-barred under 28 U.S.C. § 2244(d)(1)(A).

## C.   Actual-Innocence Exception

The AEDPA's statute of limitations can be overcome by a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The standard exacted by the Supreme Court in *Schlup* "is demanding and permits review only in the "extraordinary" case."[5] *House v. Bell*, 547 U.S. 518, 538 (2006). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). Smiley makes no claim of actual innocence as a gateway to review of the claim in his time-barred § 2254 petition. Therefore, the actual-

---

[5] In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

innocence exception to the habeas statute's time-bar does not apply in his case, and the claim in his petition is not subject to federal habeas review.

### III. CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that Smiley's 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice, because the petition was filed after expiration of the AEDPA's statute of limitations in 28 U.S.C. § 2244(d).

It is further ORDERED that the parties shall file any objections to this Recommendation **by July 28, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 14th day of July, 2022.

/s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE