IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARREN LAVON SMILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-175-WKW |
| | ) | [WO] |
| GWENDOLYN GIVENS and | ) | |
| STEVEN T. MARSHALL, | ) | |
| | ) | |
| Respondents. | ) | |

# **ORDER**

Before the court is Petitioner's *pro se* motion for reconsideration of the final judgment (Doc. # 18), which is construed as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). The motion is due to be denied.

Rule 59(e) authorizes the filing of a motion to alter or amend a judgment after its entry. In the Eleventh Circuit, "[t]he only grounds for granting [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (second alteration in original) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citation omitted).

2

Petitioner has presented no ground that entitles him to relief under Rule 59(e). He does not rely on newly discovered evidence, and none of his arguments shows the need to correct a manifest error of law or fact. Accordingly, it is ORDERED that Petitioner's Rule 59(e) motion to alter or amend the judgment (Doc. # 18) is DENIED.

DONE this 20th day of September, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE